```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 10-14015-CIV-GRAHAM
                         MAGISTRATE JUDGE P. A. WHITE
HAKAM SUELIMAN,          :

     Plaintiff,          :

v.                       :     REPORT ON MOTION FOR
                               TRO OR PRELIMINARY INJUNCTION
PONOZIAC, et al.,                      (de#44)

     Defendants.         :
_____
```

This is a <u>pro se</u> civil rights complaint filed pursuant to 42 U.S.C. §1983. This Cause is before the Court upon the plaintiff's motion for a Temporary Restraining Order. (DE# 44).

This type of relief is an extraordinary remedy. The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is to be based upon consideration of four factors. Such relief is an extraordinary remedy. See <u>California v. American Stores Company, et al.</u>, 492 U.S. 1301 (1989); <u>Johnson v. U.S. Dept. of Agriculture</u>, 734 F.2d 774 (11 Cir. 1984). The standard for issuing a preliminary injunction, is as follows: The party seeking relief must demonstrate: 1) a substantial likelihood that he will prevail on the merits, 2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, 3) that the threatened injury to him outweighs the potential harm the injunction may do to the defendant, and 4) that the public interest will not be impaired if the injunction is granted.

### Anaylsis

The petitioner seeks a Temporary Restraining Order to prevent the INS from deporting him back to Jordan when his prison sentence is completed. He contends there is a good possibility he will be released from custody of the Department of Corrections through his collateral attack upon his Judgement. The petitioner's assertions are belied by the record.

The petitioner filed a petition for writ of habeas corpus attacking his conviction in Case No. 09-62058-Civ-Altonaga. Following an evidentiary hearing, a Report and Recommendation of the Undersigned Magistrate Judge was entered and adopted, the petition was granted in so far as the guilty plea remained in place and a new sentence imposed of 48 months in prison and 2 years probation.

At the Evidentiary Hearing the parties agreed that the INS Detainer and Order of Deportation would remain unaffected by his new sentence. The petitioner stated he understood and agreed.

Sueliman fails to state a prima facie case for preliminary injunctive relief.

### Recommendation

It is therefore recommended that the plaintiff's motion for a temporary restraining order/preliminary injunction (DE#44) be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida this 5th day of Janary, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Hakam Sueliman, <u>Pro Se</u>
      B03844
      South Florida Reception Center
      Address of Record

      Steve Lury, Esq.
      Attorney of record